IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE TERRELL RADFORD                                                    PLAINTIFF

v.                               Civil No.1:19-CV-01011

CHIEF MAXWELL, LT. CORY SANDERS,                                  DEFENDANTS
DETECTIVE COLTON BURKS, and SGT.
SAMMY KIRBY

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on March 14, 2019. (ECF No. 1). On March 25, 2019, he submitted a completed *in forma pauperis* ("IFP") application and was granted IFP status the same day. (ECF Nos. 5, 6). On May 14, 2019, Plaintiff submitted a Supplement to his Complaint. (ECF No. 9). Plaintiff is currently incarcerated in the Arkansas Department of Correction Varner Unit, but his Complaint centers on his interactions with the Magnolia Police Department in Columbia County, Arkansas. Plaintiff alleges that he was racially profiled by the Magnolia police on February 22, 2019 and was then assessed excessive bail after arrest. He further alleges that

criminal charges he was not convicted of were still listed on his court records and mixed with the charges for which he had been convicted. (ECF No. 1 at 2-17). He also appears to state that there are false charges linked with his name for crimes with which he was never actually charged, such as rape and robbery. *Id*. Plaintiff alleges he received a settlement offer in April 2017 from the Magnolia Police Department for a prior excessive force claim. (ECF No. 1 at 17).

In his Supplement he alleges that he was tricked on his plea agreement because he "agreed to take 2 years" but has not been home for three years now. (ECF No. 9).

Plaintiff brings these claims against all Defendants. (*Id*. at 4-7). Plaintiff proceeds against all Defendants in their official and personal capacity. (ECF No. 1 at 4-9). He seeks compensatory and punitive damages. (*Id*. at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff does not allege that his state criminal conviction was reversed, expunged, declared invalid, or questioned though a writ of *habeas corpus*. His claims concerning his state conviction, including his bail and sentence, are therefore barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed. Here, an award of damages for his state criminal conviction would implicitly question the validity of his sentence and conviction; these claims are therefore barred by the *Heck* doctrine.

## IV. CONCLUSION

Accordingly, I recommend that Plaintiff's claims concerning his state conviction, his bail, and that he was "tricked" concerning his guilty plea and the length of his sentence be DISMISSED WITHOUT PREJUDICE. I further recommend that Plaintiff's Equal Protection claims regarding racial profiling and the accuracy of his criminal record remain for further consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **5th day of August 2019**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE