IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE TERRELL RADFORD                                                                PLAINTIFF

v.                                         Civil No. 1:19-CV-01011

CHIEF MAXWELL, *et. al.*                                                             DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion for Preliminary Injunction. (ECF No. 19). Plaintiff alleges that the Magnolia Police Department arrested his mother, for driving under the influence, in retaliation for his filing of this § 1983 lawsuit, as well as a successful prior § 1983 lawsuit. (*Id.*). Plaintiff requests the Court order an investigation into the Magnolia, Arkansas, Police Department regarding the arrest of his mother. (*Id.*)

The Court need not address the merits of this Motion for Preliminary Injunction. Plaintiff may not represent his mother in a preliminary injunction proceeding because he is not an attorney. While he may appear *pro se* to pursue his own claims, he may not engage in the practice of law on behalf of others. *See Jones ex rel Jones v. Correctional Medical Services, Inc*, 401 F.3d 950, 952 (8th Cir. 2005) (as a non-attorney, Plaintiff could not engage in the practice of law on behalf of other beneficiaries or creditors of the estate); *Morgan v. Natl. Bank of Kansas City*, Case No.

4:09CV00792-WRW, 2009 WL 3592543, at *1 (E.D. Ark. Oct. 27, 2009) ("it is well-settled that only a licensed attorney may represent another party in court").

Accordingly, I recommend that Plaintiff's Motion for Preliminary Injunction (ECF No. 19) be DENIED.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **21st day of October 2020**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE