IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE TERRELL RADFORD                                                                PLAINTIFF

v.                                          Civil No.: 1:19-CV-01011

CHIEF MAXWELL, LT. CORY SANDERS,                                          DEFENDANTS
DETECTIVE COLTON BURKS, and SGT.
SAMMY KIRBY

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion for Summary Judgment. (ECF No. 19).

## I. BACKGROUND

Plaintiff filed his Complaint on March 14, 2019. (ECF No. 1). On March 25, 2019, he submitted a completed *in forma pauperis* ("IFP") application and was granted IFP status the same day. (ECF Nos. 5, 6). Plaintiff submitted two Supplements to his Complaint on May 14th and June 18th of 2019. (ECF Nos. 9, 10). Plaintiff is currently incarcerated in the Arkansas Department of Correction Varner Supermax Unit, but his Complaint centers on his interactions with the Magnolia Police Department in Columbia County, Arkansas. Plaintiff alleges that he was racially profiled by the Magnolia police on February 22, 2019, and was then assessed excessive bail after arrest. He further alleges that criminal charges he was not convicted of were still listed on his court records and mixed with the charges for which he had been convicted. (ECF No. 1 at 2-17). He also appears to state that there are false charges linked with his name for crimes for

1

which he was never actually charged, such as rape and robbery. *Id*. Plaintiff alleges he received a settlement offer in April 2017 from the Magnolia Police Department for a prior excessive force claim. (ECF No. 1 at 17).

In his Supplement, he alleges that he was tricked on his plea agreement because he "agreed to take 2 years" but has not been home for three years now. (ECF No. 9).

Plaintiff brings these claims against all Defendants. (*Id*. at 4-7). Plaintiff proceeds against all Defendants in their official and personal capacity. (ECF No. 1 at 4-9). He seeks compensatory and punitive damages. (*Id*. at 7).

Pursuant to Prison Litigation Reform Act preservice screening, Plaintiff's claims concerning his state conviction, his bail, and that he was "tricked" concerning his guilty plea and length of sentence were dismissed on August 23, 2019, because they were barred from review by the *Heck* doctrine. (ECF No. 12). Plaintiff's Equal Protection claims concerning his allegations of racial profiling and the accuracy of his MPD criminal record remained for further consideration. (*Id*.).

Defendants filed their Motion for Summary Judgment on March 16, 2020. (ECF No. 19). Plaintiff filed a Response on March 26, 2020. (ECF No. 23). Defendant filed a Reply on April 2, 2020. (ECF No. 24). Plaintiff filed a Reply on April 16, 2020. (ECF No. 25).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a

genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. ANALYSIS

Defendants argue summary judgment in their favor is appropriate because: 1.) Plaintiff's most recent arrest by the MPD was February 16, 2016, for which the statute of limitations ran on February 16, 2019; 2.) Plaintiff sets forth no facts supporting his allegation that he was racially profiled; 3.) the "Master Name Detail Page" ("Index") is an internal record-keeping document that identifies each time someone in the police department had any formal contact with an individual, whether that individual is a suspect, victim, witness, subject of a citation, identified by someone, or an arrestee. The Index is not an individual's criminal record.; 4.) the policies of the City do not require its law enforcement officers to act unconstitutionally. (ECF No. 21).

In his Response, Plaintiff does not identify any actions or inactions which occurred on February 22, 2019. (ECF No. 23). Instead, he repeats the allegations of his Complaint, and points to police Index #16-001016 (ECF No. 23 at 4-5), a letter from a prosecuting attorney dated June

19, 2017, (*Id*. at 6-8), and several Index entries from 2014 and 2006 as support for his claims. (*Id*. at 11-13, 15-20, 22-23).

He further argues that he was racially profiled because false statements were made in order to lead witnesses, and one of Plaintiff's eyes is glass. (*Id*. at 10). Plaintiff further argues that "[t]there are policy and laws broken by Defendant out of respect of there [sic] policy. Breach in policy[,] contract and laws[,] [and] sworn code of ethics." (*Id*. at 27). Finally, Plaintiff argues he first saw the alleged false charges in his record on April 27, 2017, when he was offered a settlement for his prior excessive force claim. (*Id*. at 48, 50, 52, 54).

Defendants argue in their Reply that Plaintiff has not properly responded to their Statement of Material Facts, therefore their facts should be deemed admitted. (ECF No. 24 at 2). They further argue that each of Plaintiff's arguments fail for several reasons, including the statute of limitations. (*Id*. at 5). They further argue that Plaintiff has provided no summary judgment record evidence creating an issue of material fact as to whether he was racially profiled, relying instead on conclusory statements. ((*Id*. at 24). They also address the false charges claim, noting that Plaintiff was never charged with a rape in 2014, merely interviewed after the victim identified him as her rapist. (*Id*. at 24; ECF No. 20-4 at 4). They note that Plaintiff received the 2017 letter directly from the prosecutor's office due to a report made to the prosecutor's office, and it was Plaintiff who requested that the MPD become involved in the case. (*Id*. at 24). They argue that the fact that Defendant Burks testified at his parole hearing with respect to the battery charge he plead guilty to, and is currently serving a sentence for, is not an indication of any constitutional

4

violation. (*Id*. at 3). Finally, they note that Plaintiff was not profiled because he has a glass eye; rather, this distinctive physical trait has simply made it easy to identify him. (*Id*. at 3-4).[1]

### A. Statute of Limitations

Section 1983 claims are governed by the personal injury statute of limitations of the state where the claim arose and, in Arkansas, that is three years. Ark. Code Ann. § 16-56-105 (2005); *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001). Plaintiff filed his Complaint on March 14, 2019, alleging that he had been racially profiled by the MPD on February 22, 2019. This allegation was within the three-year timeframe, and just sufficient to survive preservice screening.

Plaintiff has not, however, provided any additional summary judgment evidence as to what Defendants did or failed to do on February 22, 2019, which might have constituted racial profiling. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ( Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.). In contrast, Defendants have shown the Plaintiff committed felony battery on February 8, 2019, for which he was arrested on February 16, 2016, pled guilty, and was sentenced to the ADC on July 7, 2016. He was still incarcerated in the ADC on February 22, 2019. In his deposition on February 21, 2020, Plaintiff testified that the racial profiling by the MPD consisted of racial slurs, beatings, and false statements in his record.[2] He admitted that none of these actions occurred within the three years prior to his complaint being filed. (ECF No. 20-1 at 52, 120). Thus, his last contact with the MPD which could possibly give rise to a claim of racial profiling was February 16, 2016, and the statute of limitations for that

---

[1] Plaintiff argues in his Reply that the Defendants are attempting to use his criminal background in a way that will lead the investigation astray. (ECF No. 25). He argues that the reasons for harassing him never matched the charges for which he was arrested or charged. (*Id*.).
[2] "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." *Washington v. Davis*, 426 U.S. 229, 239 (1976). Plaintiff failed to provide any summary judgment evidence, or even any allegations - conclusory or otherwise - which could support an Equal Protection claim on February 22, 2019.

interaction expired on February 16, 2019. As Plaintiff filed this Complaint in March of 2019, his claims of racial profiling are barred by the statute of limitations.[3]

### B. False Charges in MPD Criminal History

While this claim does not appear to raise a Constitutional violation, Plaintiff's allegation is simply factually incorrect based on the summary judgment evidence presented. Based on the summary judgment record, Plaintiff's allegation that his MPD Index falsely includes charges for which he was neither charged nor convicted apparently arises from Plaintiff's misunderstanding of what is contained in the MPD Index and is wrong.

Plaintiff points to several documents in his Response as evidence of false charges and convictions in his criminal history with the MPD.[4] First, he references Index #16-001016, dated August 16, 2016, in which the investigation of forged checks was described. The report indicated that a female with the last name of Hunter had passed bad checks, including those with Plaintiff's name on them. (ECF No. 23 at 4-5). She and another female suspect were discussed, but it was confirmed that Plaintiff had been incarcerated at the time the checks had been passed, and he was not discussed as a suspect in the report. (*Id.*). Defendant Kirby stated in his affidavit that Plaintiff

---

[3] This leaves the question as to what, exactly, occurred on February 22, 2019, which spurred Plaintiff to file this Complaint. Plaintiff was incarcerated in the ADC on that date, and remains incarcerated. In his deposition, Plaintiff testified that the ADC parole system relies on what is in his "history jacket" to make parole decisions. (ECF No. 20-1 at 19). Further, Defendants make reference to Defendant Burks testifying at a parole hearing. This permits the inference that Plaintiff's Complaint is based upon the denial of parole from the ADC. It is well settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole or probation as required for a due process claim. *Hamilton v. Brownlee,* 237 F. App'x. 114 (8th Cir. 2007). In *Hamilton,* the court held "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions..." *Id.* at 115. Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno,* 462 F.3d 876, 886 (8th Cir. 2006) (first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest). Even if the Court interprets Plaintiff's Complaint as asserting a claim of unconstitutional denial of parole, such claim should be dismissed.

[4] The Court will only address those incidents in Plaintiff's lengthy history with the MPD that are not clearly barred by the statute of limitations and where Plaintiff was not convicted. Although Plaintiff disputes facts concerning several of his convictions, any review of these is *Heck*-barred.

was listed as a victim in that incident, and a review of the full report confirms that Plaintiff was identified as a victim of the forgery. (ECF No. 20-4 at 3, 21).

Second, Plaintiff included a letter from prosecuting attorney David Butler, dated June 19, 2017. The letter indicates that a complaint had been made to the office concerning two bad checks in his name which were passed at the Vapor Shop on August 12, 2016. (ECF No. 23 at 6-7). Plaintiff wrote that he needed a police report and affidavit of forgery. (*Id*. at 7). Defendants note that Plaintiff received the 2017 letter directly from the prosecutor's office due to a report made to the prosecutor's office, and it was Plaintiff who requested that the MPD become involved in the case. (*Id*. at 24). The only recent forgery involvement listed on Plaintiff's MPD detail page is Incident #16-001016, where, as discussed above, he was a victim. (ECF No. 20-3 at 1). This letter does not represent a charge or conviction of forgery against him.

Third, Plaintiff references Index #14-001088, in which Elizabeth Barnes entered the police department and reported that Plaintiff had raped her.[5] (ECF Nos. 23 at 19, 20-4 at 48). Plaintiff was interviewed, but he was not arrested, and no charges were filed against him. (ECF No. 20-4 at 3-4, 49).

Thus, the summary judgment record before the Court does not support Plaintiff's allegation that false charges or false convictions had been added to his MPD Index. Because Plaintiff's claims are either barred by the statute of limitations or fail for lack of any summary judgment evidence, it is not necessary to address any of Defendants' remaining arguments.

## IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITH PREJUDICE.

---

[5] Although this incident is barred by the statute of limitations, Plaintiff emphasized it in his Response, therefore the incident was addressed.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 4th day of January 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE